## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELISSA WAMP : | |
| : | |
| Plaintiff : | C.A. No. |
| : | |
| v. : | |
| : | **JURY TRIAL DEMAND** |
| MICHAEL FELDMAN, M.D. : | |
| ORTHOPEDICS GROUP, INC. : | |
| : | |
| Defendants : | |

## COMPLAINT

## PARTIES

1. Plaintiff is a citizen of the State of New Jersey and resides in Rhode Island while studying at Bryant College.

2. Upon information and belief, Defendant Michael Feldman, M.D. is a citizen of the State of Rhode Island, or of another state other than New Jersey.

3. Defendant Orthopedic Group, Inc. (hereinafter referred to as "OGI") is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

## JURISDICTION

4. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. §1332(a), this being an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## GENERAL ALLEGATIONS

5. In October, 2014, Plaintiff was a student at Bryant College and was a member of the lacrosse team.

6. While playing lacrosse during October, 2014, Plaintiff suffered injuries to her left knee.

7. During October, 2014, Plaintiff became a patient of Defendants with respect to the injuries described above.

8. On or about November 20, 2014, Defendant Feldman operated on Plaintiff's knee in an effort to cure, relieve, and rehabilitate her from the effects of her injuries.

9. Plaintiff went on to suffer complications and has been left with on-going injuries and complaints all as a proximate result of the care rendered by Defendants which failed to meet the applicable standard of care.

10. At all times material hereto, Defendant Feldman was an employee or agent of Defendant OGI and acted in the course of that relationship.

### **COUNT I—M ALPRACTICE—DEFENDANT FELDMAN**

11. The allegations set forth in Paragraphs 1 through 10 above are incorporated herein as if set forth again in full.

12. As a result of the allegations set forth above, there arose a physician-patient relationship between Plaintiff and Defendant Feldman which imposed on this Defendant a duty to use the degree of care and skill that is expected of a reasonably competent practitioner in the same class to which he belongs, acting in the same or similar circumstances in his cart and treatment of Plaintiff.

13. This Defendant breached his duty of care more fully described above.

14. As a direct and proximate result of this Defendant's breach of his duty of care, Plaintiff suffered severe injuries which are permanent and which have required the expenditure of great sums to cure, relieve, and rehabilitate her form the effects of the same, a loss of earnings and earnings capacity, as well as great pain and suffering all of which are compensable under the law of this jurisdiction.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which exceeds the jurisdictional requirements of this Court.

### **COUNT II—MALPRACTICE—DEFENDANT OGI**

15. The allegations set forth in Paragraphs 1 through 14 above are incorporated herein as if set forth again in full.

16. As a result of the allegations set forth above, there arose a medical group-patient relationship between Plaintiff and Defendant OGI which imposed on this Defendant a duty to use the degree of care and skill that is expected of a reasonably competent medical group in the same class to which it belongs, acting in the same or similar circumstances in its cart and treatment of Plaintiff.

17. This Defendant breached its duty of care more fully described above.

18. As a direct and proximate result of this Defendant's breach of its duty of care, Plaintiff suffered severe injuries which are permanent and which have required the expenditure of great sums to cure, relieve, and rehabilitate her form the effects of the same, a loss of earnings and earnings capacity, as well as great pain and suffering all of which are compensable under the law of this jurisdiction.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which exceeds the jurisdictional requirements of this Court.

## COUNT III VICARIOUS LIABILITY--OGI

19. The allegations set forth in Paragraphs 1 through 18 above are incorporated herein as if set forth again in full.

20. As the employer/principal of Defendant Feldman, Defendant OGI is liable to Plaintiff for the acts and omissions of Defendant Feldman under the doctrine of *respondeat superior* or such other agency principle that applies in the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which exceeds the jurisdictional requirements of this Court.

          PLAINTIFF,
          By her attorney

          /s/ David J. Oliveira
          David J. Oliveira, Esq. (#2516)
          155 South Main Street
          Suite 305
          Providence, RI 02903
          (401) 274-9191
          (401) 274-9190 (fax)
          Date: 11/17/17

Plaintiff hereby demands a jury trial and designates David J. Oliveira as trial counsel.

          /s/ David J. Oliveira
          David J. Oliveira, Esq. (#2516)